

1050 30th Street, NW
Washington, DC 20007
+1.202.753.5553 (o)
+1.202.321.7567 (c)
www.eellaw.com

Michael N. Levy
Partner
mlevy@eellaw.com

July 31, 2026

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

*Filed Under Seal With Redacted Version Filed Via ECF*

> Re:    *United States v. Christine Hunsicker*, 25 Cr. 318 (JPO)
>         Reply to Government Opposition to Request for Amended Sentencing
>         Submission Schedule

Dear Judge Oetken:

Along with Anna Skotko, we represent Defendant Christine Hunsicker in the above-captioned matter. Ms. Hunsicker is scheduled to be sentenced on August 20, 2026. We write in reply to the government's opposition to our motion for an amended sentencing submission schedule. (ECF No. 38).

On July 30, one day after the government's sentencing submission was due in this matter, we filed a letter motion requesting an amended sentencing submission schedule in light of the government's failure to timely file its submission according to the schedule ordered by the Court at Ms. Hunsicker's plea hearing (*see* ECF No. 27 and accompanying minute entries). In that motion, defense counsel requested that the Court order the government to submit its sentencing submission by August 3, with Ms. Hunsicker's reply (if any) due by August 13. (ECF No. 37). The schedule proposed by defense counsel best serves the interest of both parties and the Court: it will not adjourn the sentencing date, while permitting the government an extended amount of time to file its submission and permitting Ms. Hunsicker a proportionate amount of time to file her reply.

The government has failed to provide any reasonable basis for its assertion that it is entitled to more than three weeks to file its sentencing submission when the Court's order and Individual Practices both allow for one week. The government relies on two tenuous claims: (1) that it is filing in accordance with the Court's Individual Practices, rather than the existing scheduling order, and (2) that it requires more time to respond to Ms. Hunsicker's timely-filed



The Honorable J. Paul Oetken
July 31, 2026
Page 2 of 5

submission due to its length and content. Both arguments are specious and should be rejected by the Court.

First, the record shows that the existing submission schedule was not changed by the Court at any time and that the government was aware that defense counsel was proceeding under the existing submission schedule. The government's contention that nothing Ms. Hunsicker or her counsel said in its communications or filing of its letter motion of June 15, 2026, regarding the time for filing objections to the PSR, "alerted the Government that the defense had a different view" of the schedule for filing sentencing submissions is categorically untrue. (ECF No. 38 at 2). Ms. Hunsicker's June 15 letter motion could not have been more clear, expressly stating that Ms. Hunsicker was seeking ""permission to file our objections to the Presentence Investigation Report (the 'PSR') on the same date as *our sentencing submission, which is due on July 22, 2026* (emphasis added)." (ECF No. 31).

Despite multiple communications and filings from Ms. Hunsicker's counsel referencing the existing scheduling order, the government elected to stay silent, rather than request clarification or an amended scheduling order from the Court. This does not appear to be a "misunderstanding," as the government now claims (ECF No. 38 at 2), but rather an attempt to gain an unfair advantage by assuming it was entitled to three-times the interval allotted under the existing scheduling order and the Court's Individual Practices, while squeezing Ms. Hunsicker's time to reply.

Second, the government has had ample time since Ms. Hunsicker's guilty plea on March 4, 2026, to consider and prepare its sentencing memorandum. The government is not entitled to additional time based on the length of or the "serious allegations" contained in Ms. Hunsicker's submission. (*Id.*). Neither the Court's sentencing submission schedule in this case, nor the Court's Individual Practices—both of which provide that the government's sentencing submission shall be due one week after the defendant's sentencing submission is filed—condition that timing on the length or content of the defendant's submission. Notably, the government did not move for an extension of time to file after receiving Ms. Hunsicker's timely-filed submission. The government's calculated silence should not entitle it to more than two weeks of additional time to file its sentencing submission.

Third, Ms. Hunsicker's submission contains no surprises for the government, as it includes only a single fact about which the government was not previously aware—namely, an unintended pregnancy and abortion when she was 16, a fact that certainly does not require the expenditure of a significant amount of time to address. Every other factual matter in Ms.



The Honorable J. Paul Oetken
July 31, 2026
Page 3 of 5

<u>Hunsicker's sentencing submission was disclosed to the government well in advance of its filing.</u>
For example:

- On April 24, 2025, during a three hour meeting with the prosecutors just five weeks after the search warrant was executed on Ms. Hunsicker's home, defense counsel described in detail:
    - The traumatic brain injury ("TBI") that Ms. Hunsicker suffered in December 2017 and the numerous, specific providers and modalities from which Ms. Hunsicker sought treatment for the effects of that TBI.[1] (S.11-14).
    - The obervations of CaaStle employees, including Cynthia Joseph (A.107-11), who witnessed the aftermath and consequences of the TBI and how they exacerbated pre-existing tensions with Ms. Hunsicker's co-founder. (S.12, 14, 16).
    - Ms. Hunsicker's disclosure to the Board of her concussion in April 2018 and the fact that it rendered her unable to fly. (S.12).
    - The scale of Ms. Hunsicker's personal investments into CaaStle, including her refusal to accept her full salary over time, the $20 million personal loan she used to invest in CaaStle while knowing its true financial condition, and how her net investments into CaaStle vastly exceeded any financial remuneration she received from it. (S.9-10, 28).
    - Ms. Hunsicker's return to mental clarity and her decisions after that point, including her full confession to the Board in December 2024 and her efforts— at the direction of the Board—to help return as much value to harmed investors as possible through a partnership with P180. (S.18-20).
    - Investors, specifically including by name Monica Graham (A.92-100) and ▮▮▮▮▮▮▮▮ (A.101), who would be helpful for the government to contact to learn more about the circumstances surrounding Ms. Hunsicker's conduct, including, in the case of ▮▮▮▮▮▮ the insistent and volatile demands of investor ▮▮▮▮▮▮▮ which counsel also fully described.[2] (S.14, 15-17, 20, 44).

- The first disclosure of the Presentence Investigative Report ("PSR"), dated April 28, 2026, and the final PSR, dated May 28, 2026, both detailed:
    - Ms. Hunsicker's volatile childhood ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (S.4-5, 30).

---

[1] "S." refers to Ms. Hunsicker's Sentencing Memorandum filed on July 22, 2026. "A." refers to the Appendix to Ms. Hunsicker's Sentencing Memorandum, filed on the same day. Counsel produced to the government the full set of Ms. Hunsicker's medical records related to the TBI on March 21 and April 4, 2025. (A.283-751).
[2] At this meeting, counsel also provided the government with the full context surrounding ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Granite Capital's request for restitution in the final Presentence Investigative Report, which the government has known since April 2025 was invalid, is addressed in Ms. Hunsicker's objections to that Report (*see* ECF No. 34).



The Honorable J. Paul Oetken
July 31, 2026
Page 4 of 5

- o ███████████████████████████████████████████ (S.4).
- o The repeated sexual assaults Ms. Hunsicker suffered ███████████████ ████████████████████ (S.5-6).
- o Ms. Hunsicker's mental health and substance abuse struggles, past suicidal ideations, current mental health diagnoses, and therapeutic history.[3] (S.6-8, 23).
- o Ms. Hunsicker's gambling addiction and ongoing participation in Gamblers Anonymous.[4] (S.23-25, 35-36).
- o Ms. Hunsicker's employment history and post-indictment employment. (S.7-9, 23-24).
- o The programs Ms. Hunsicker has designed on resilience and accountability and her children's book related to character development. (S.24, 29).
- o Ms. Hunsicker's full financial situation and that of the spouse for whom she is the primary breadwinner. (S.25, 29).

With this record, it strains credulity for the government to suggest that it needs even more time after receiving Ms. Hunsicker's sentencing submission "to supply this Court with the full facts needed to arrive at an appropriate sentence." (ECF No. 38 at 2). There is simply no just reason to provide the government with more than three weeks to respond to Ms. Hunsicker's submission when both the existing scheduling order in this matter and the Court's Individual Practices provide for only one week, especially when there is virtually nothing in Ms. Hunsicker's sentencing submission that the government has not known for many months.

The government's proposal to postpone the sentencing date as a result of its conduct (unless Ms. Hunsicker acquiesces to the government's allocation of the time available before the scheduled sentencing date) also unfairly disadvantages Ms. Hunsicker. Ms. Hunsicker's family, friends, and colleagues already have made arrangements to attend and support her on August 20, 2026. Those arrangements include purchasing tickets and moving planned vacations. Moreover, the uncertainties and anxiety that Ms. Hunsicker has been managing while awaiting sentencing has been particularly difficult in light of her pre-existing mental health issues and should not be prolonged so the government can improperly claim more than three weeks to file its sentencing submission.

In order to allow the government an opportunity to provide the Court with its views regarding sentencing, while providing Ms. Hunsicker with a commensurate extension in the number of days to file a reply and the Court a fair opportunity to review all of the submissions, and to justly proceed with sentencing on August 20, we respectfully request that the Court order the government to submit its sentencing submission by August 3, 2026, with Ms. Hunsicker's reply (if any) due by August 13.

---

[3] ███████████████████████████████████████████████ (ECF No. 27).
[4] Ms. Hunsicker's membership in Gamblers Anonymous also was discussed at her plea hearing on March 4, 2026. (*Id.*).



The Honorable J. Paul Oetken
July 31, 2026
Page 5 of 5

Because this reply contains sensitive personal information and other information previously filed under seal, we respectfully request that this letter also be filed under seal, with a redacted version to be filed on ECF.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ Michael N. Levy
Michael N. Levy
Elizabeth L. Martin
ELLERMAN ENZINNA LEVY PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 753-5553
mlevy@eellaw.com
emartin@eellaw.com

Anna M. Skotko
SKOTKO LAW PLLC
29 Broadway, Floor 31
New York, NY 10006
Tel: (646) 396-5251
anna@skotkolaw.com

*Counsel for Christine Hunsicker*